### 10907

#### FIRST TRUST & SAVINGS BANK v. PRUITT *ET AL.*

(113 S. E., 469)

1. Specific Performance—Provision that Purchaser May Terminate Contract by Forfeiture of Deposit Held Not to Bar Specific Performance.—A provision of a contract for the sale of land that the purchaser may terminate the contract by forfeiting the initial payment did not bar the seller from bringing an action to specifically enforce the contract.

2. Pleading—One Defendant Cannot Demur on Ground that no Cause of Action is Stated Against Other Defendant.—Where a cause of action is against two defendants, one defendant cannot demur on the ground that no cause of action is stated against the other defendant.

3. Specific Performance—Purchaser Held Bound on 'Contract Made With Holder of Option.—Where the owner of an option on land under a contract with the real owner sold the land, and later assigned his interest to the real owner, and the purchaser accepted the change of status and gave his note for part payment to the real owner, the purchaser is bound under the contract.

Before Moore, J., York. July, 1921. Affirmed.

Action by the First Trust & Savings Bank of Rock Hill, and another, as executors of the estate of J. M. Cherry, deceased, and others, against John C. Pruitt and another. From an order overruling a demurrer to the complaint, defendant named appeals. Affirmed.

See, also, 113 S. E., 473.

The following is the opinion of the Court below:

This action is brought by the plaintiffs above named as executors and beneficiaries of and under the last will of J. M. Cherry, late of York County, deceased, asking for specific performance by the defendant John C. Pruitt of a written contract for the sale to the said defendant of certain lands belonging to estate of said deceased and described in the complaint; the said contract having been made on the 8th day of July, 1920, between one Pat W. Major, designated therein as the seller, and the said John C. Pruitt, designated therein as the purchaser, a copy of which is annexed to and made a part of the complaint as Exhibit A.

The complaint alleges, substantially, amongst other things, that the said Pat W. Major, being then the owner and holder of a written option from the said J. M. Cherry for the purchase of said lands, did offer the same for sale at public auction, after due and thorough advertisement thereof, on the 8th day of July, 1920, the said sale being conducted upon or within sight of the property and upon terms substantially as set forth in the said written contract; that said sale was conducted by the said Pat W. Major in pursuance of an agreement between him and said J. M. Cherry, the owner of the property, that the same be so offered and the sale made subject to their concurrent confirmation thereof at its close, whereupon the said J. M. Cherry was to make and deliver good and sufficient title in fee of the property to the purchaser upon his compliance with the terms and conditions of the said sale, the purchase money or proceeds of said sale to be turned over to said J. M. Cherry as soon as paid by the purchaser of said lands; that the defendant, John C. Pruitt, became the purchaser of the said lands at the said sale at the price of $54,290, and that his purchase at that price was duly confirmed by the said Pat W. Major and the said J. M. Cherry according to their said agreement, whereupon the said Pat W. Major, and the

said defendant entered into the contract (Exhibit A) above mentioned; that thereafter the said Pat W. Major duly assigned and transferred all of his rights, title and interest in the said contract to said J. M. Cherry, whereby the said J. M. Cherry became entitled to have the said contract specifically performed as between himself and the said John C. Pruitt, defendant. In this connection, it may be stated that the complaint alleges that a certain tract, designated as No. 75 in said contract, was not embraced in the purchases of the said John C. Pruitt at said sale, and did not enter into the price to be paid by him for his said purchases as set forth in the complaint, the said tract having been included in the said written contract by error, and plaintiffs are asking as part of their relief that the said contract be reformed in this respect to carry out the intention of the parties.

By the terms of the said contract it will be seen that John C. Pruitt, the purchaser of the said lands, was to make a cash payment of 15 per cent. of the purchase price thereof at the time of the execution of said contract, a further payment of 18 1/3 per cent. thereof on January 1, 1921, and the remainder, with interest, in three equal installments on the 1st days of January, 1922, 1923, and 1924, the deferred payments to be secured by a mortgage constituting a first lien on the premises. The complaint alleges that, instead of said John C. Pruitt making said initial cash payment of 15 per cent. according to the terms of the said sale, he tendered to said J. M. Cherry his note therefor, bearing date July 8, 1920, and due January 1, 1921, bearing annual interest from dat. until paid, at 7 per cent. per annum, and that this note was accepted by the said J. M. Cherry in lieu of said cash payment; that this note was afterwards and before maturity indorsed by said J. M. Cherry to the defendant the National Union Bank of Rock Hill, S. C., as collateral security for another note then executed by him to said bank for a present loan, on which there is now due the sum of

$11,000; and that said collateral note is still wholly due and owing to the said bank.

The complaint further states that the said J. M. Cherry died on the 28th day of December, 1920, leaving a last will, which was duly probated on the 30th day of the same month, a copy of said will being annexed to the complaint as Exhibit B, and made a part thereof; that both executors thereof duly qualified and are now in the discharge of their duties as such; that plaintiffs, having succeeded to all the rights and obligations of said J. M. Cherry in, to, and under said written contract, have always been, and still are, ready and willing to perform their part of said contract, and, upon the payment of the purchase money, interest, and attorney's fees now due on the purchase of said lands to the plaintiffs and to the National Union Bank, defendant, and the performance of all of the conditions of said contract by the defendant John C. Pruitt, to convey said lands to him in accordance with the terms of said contract, and to let him into possession of said premises and the rents and profits thereof from the time in said contract specified. The complaint further alleges repeated demands made upon the defendant for the payment of the sums due on said contract and note, and for full performance by him of the terms of said contract, and that a formal tender of a deed to said lands was made to said defendant on the 19th day of March, 1921, all of which have been refused.

While the foregoing recital of the material and substantial allegations of the complaint will be sufficient to show the scope and purpose of this action, the complaint as a whole, with the exhibits thereto annexed, will be held in view in the consideration of the questions now before the Court, and further reference will be hereinafter made to certain provisions of the contract sought to be enforced.

The defendant the National Union Bank made answer to the complaint, setting up the said promissory note held

by it as collateral security, and asking for its payment according to its terms.

The defendant John C. Pruitt demurs to the complaint upon the ground that it fails to state facts sufficient to constitute a cause of action against said defendant, and upon further grounds; the specifications of his objections being set forth in nine paragraphs in his demurrer. The action now comes on for a hearing upon the issues raised by this demurrer, and the objections will be considered in the order in which they appear.

The first objection is that the complaint "fails to state facts sufficient to constitute a cause of action against the National Union Bank, in that the plaintiff has sold, transferred, and assigned the note described, and the said National Union Bank is neither a proper or necessary party." The National Union Bank, as the holder of a note for part of the purchase money of the lands contracted to be sold, is clearly entitled to have its said note paid in this action, as incidental to the specific performance of the contract under which said note was given, and is not only a proper, but a necessary, party. *Walker v. Kee,* 16 S. C., 76; *Hanna v. Wilson,* 3 Grat. (Va.), 243; 46 Am. Dec., 190. And even if the bank were not a proper or necessary party, the defendant Pruitt cannot demur on this ground. He could only demur for a lack of parties, and not for an excess of parties. *Lowrey v. Jackson,* 27 S. C., 318, 3 S. E., 473; *Wright v. Willoughby,* 79 S. C., 440, 60 S. E., 971. This objection cannot be sustained.

The objections stated in the second, third, and fourth paragraphs of the demurrer are overlapping, and all relate to the same paragraph in the contract under consideration. The paragraph in the contract which gives rise to these objections is here set out in full as follows:

"It is further agreed between the parties hereto that the time of payment of the several portions of the purchase price above indicated is of the essence of this contract, and

should the purchaser fail to make the payment which is herein required to be made on January 1, 1921, at the time when the same is due, he shall forfeit all rights under this contract, and all payments theretofore made shall be retained by the seller above named as liquidated damages."

Of course, in arriving at a correct conclusion as to the meaning of this provision, it is necessary to consider the contract as a whole, since the use of the words "forfeit" and "liquidated damages" are not alone determinative; it being held in practically all of the cases that when such words are used the question to be answered is whether they are intended to secure the performance of a contract or as a substitute for performance. Hence in *Bearden v. Smith,* 11 Rich. 554, and in *Ould v. Spartanburg Realty Co.,* 94 S. C., 184, 77 S. E., 866, it was held that provisions for fixed or liquidated damages were to be considered as in the nature of a penalty provided as security for performance. Neither of these were cases for specific performance of a contract to sell land, though it will hardly be denied that in such an equitable action, which is a primary right of either party, and where damages are not regarded as adequate relief, there will always be a stronger reason for treating such provisions as in the nature of penalties to secure performances.

In *Moorer v. Kopmann,* 11 Rich. Eq., 225, the Court states the principle as follows: "Whether the sum fixed in case of nonperformance is a penalty or stipulated damages depends on the nature of the contract, considered in the light of all of its circumstances, and the attitude of the parties under it. If, upon being viewed in this way, a conviction results that the sum was fixed as a penalty to compel performance, the Court should execute the agreement."

The provisions of the contract under consideration show clearly the dominant purpose of the defendant Pruitt to buy land. In the first paragraph, the terms of the purchase

are set out in detail, specifying many duties to be performed by the purchaser; in the second, the defendant "does hereby agree to purchase the property," etc.; in the fourth it is provided that, if either party is in default in carrying out his part of the contract, he is to pay the attorney's fees of the other in a suit to enforce the contract; in the sixth, the purchaser agrees to pay the taxes for the year 1921, not due until near the end of this year; and in the last, the parties bind themselves, their heirs, executors, administrators, and assigns, "for the faithful performance of their respective parts of this contract." Numerous provisions of this character were held in the case of *Koch v. Streuter*, 218 Ill., 546, 75 N. E., 1049, 2 L. R. A. (N. S.), 210, to show that a similar provision as to forfeiture and liquidated damages was merely security for performance, and did not give the alternative right to pay liquidated damages. See, also, the case of *Stewart v. Griffith*, 217 U. S., 323, 30 Sup. Ct., 528, 54 L. Ed., 782, 19 Ann. Cas., 639.

Considering the language itself of the paragraph of the contract set out above, it is not susceptible of the construction contended for by the defendant Pruitt. In the first place, there must be a "failure" to pay the second installment of the purchase money, and under the authorities, this must be an honest failure, and not merely a voluntary refusal, having no other purpose than to defeat the rights of the other party to the contract. *Donahuo v. Franks* (D. C.), 199 Fed., 262; *Wilcoxson v. Stitt*, 65 Cal., 596, Pac., 629, 52 Am. Rep., 310; *Dana v. St. Paul Investment Co.,* 42 Minn., 190, 44 N. W., 55. And generally, it is said, there can be no forfeiture without some affirmative action on the part of the person who is to take by the forfeiture. 13 Enc. of Law, 1078.

There is no provision in the contract under consideration for the forfeiture or nullifying of any of the rights of the vendor for the default of the vendee, and there are numerous decisions holding that, under these circumstances, such

provisions are intended to insure a prompt and faithful performance by the purchaser, and may be enforced or not, at the election of the vendor. *Koch v. Streuter,* 218 Ill., 546, 75 N. E., 1049, 2 L. R. A. (N. S.), 210; *Brown v. Norcross,* 59 N. J. Eq., 427, 45 Atl., 605; *O'Connor v. Tyrrell,* 53 N. J. Eq., 15, 30 Atl., 1061; *Highie v. Farr,* 28 Minn., 439, 10 N. W., 592; *Dooley v. Watson,* 1 Gray (Mass.), 414; *Hooker v. Pynchon,* 8 Gray (Mass.), 550; *Manning v. Brown,* 10 Me., 49; *Mason v. Caldwell,* 5 Gilman (Ill.), 196, 48 Am Dec., 330; *Church v. Ayers,* 5 Cow. (N. Y.), 272. Some of the cases go even further, holding that the vendor may elect to insist on forfeiture or enforce specific performance under such provisions for forfeiture and liquidated damages, even though the contract contain the further provision that default on the part of the vendee is to render the contract null and void. *Stewart v. Griffith,* 217 U. S., 323, 30 Sup. Ct., 528, 54 L. Ed., 782, 19 Ann. Cas., 639; *Wilcoxson v. Stitt,* 65 Cal., 596, 4 Pac., 629, 52 Am. Rep., 310; *Dana v. St. Paul Investment Co.,* 42 Minn., 194, 44 N. W., 55.

It was contended by demurrant's counsel at the hearing that the plaintiffs' right to enforce this contract was forfeited by reason of the fact that they had retained the initial payment as liquidated damages. The logic of this contention is not apparent. No money was paid by Pruitt, and it is difficult to see how their retaining his note could be so considered. According to the allegations of the complaint, this note was accepted as a substitute for the cash payment on the purchase price of the land. It might be contended by the other side with greater force that the tender and acceptance of this note was a waiver of the defendant's right to abandon his contract, if he ever had such right. It was also a circumstance to show that the parties did not intend to adhere strictly to the provision as to "time of payment" being of the essence of the contract.

The general statement in demurrant's second objection, that "time is of the essence of the contract" under consideration, is at variance with the terms of the said contract, which provides that "time of payment of the several portions of the purchase price above indicated is of the essence of this contract." This expression must be construed in connection with the provision for forfeiture, and its purpose was to secure the vendor by giving him the option to declare a forfeiture, if the second payment was not punctually made. Time of performance is not usually of the essence of a contract to sell land, and, even if made so by express stipulation, may be waived. *Doar v. Gibbes,* Bailey Eq., 371; *Thompson v. Dulles,* 5 Rich Eq., 370; *Lesesne v. Witte,* 5 S. C., 462; *Lyles v. Kirkpatrick,* 9 S. C., 269.; *Davenport v. Latimer,* 53 S. C., 574, 575, 31 S. E., 630; *Brown v. Guarantee Trust Co.,* 123 U. S., 403, 9 Sup. Ct., 127, 32 L. Ed., 468; *Cheney v. Libbey,* 134 U. S., 68, 10 Sup. Ct., 498, 33 L. Ed., 818. And even if time could be considered as of the essence of the contract in the case at bar, there is nothing in the complaint to show any delay in performance that is chargeable against the plaintiffs. It is provided in the contract that the seller is to deliver to the purchaser "a good deed of conveyance to the property above described upon his making the payment of 18 1/3 per cent. of the purchase price on January 1, 1921," etc. (see sixth paragraph of the contract), and since all the delay in performance appears from the complaint to be due to the default of the defendant Pruitt in the making of this second payment, he is not in position to charge laches against plaintiffs. See the cases of *Cheney v. Libbey* and *Lyles v: Kirkpatrick, supra.* The complaint shows that the plaintiffs have stood ready to perform, and have urged payment and performance by the defendant Pruitt, and this was all that they could do on their part to bring about performance. It is alleged that they also made tender of a deed of the property in March, 1921, though it appears that this was unneces-

sary, since it further appears that this defendant paid no heed to these demands for payment and performance. The authorities hold with practical unanimity that such tender is not necessary, where the declarations or conduct of the vendee show that it is not his purpose to perform. 26 Enc. of Law, 114, and cases cited; *Moore v. Crawford,* 130 U. S., 122, 9 Sup. Ct., 447, 32 L. Ed., 878.

Viewing the contract under consideration as a whole and under the light of the foregoing authorities, I am of the opinion that the provision therein for forfeiture and the payment of liquidated damages was intended as security for the performance by the vendee of his part of the contract, and that he has no right to elect to give up said first payment (in the shape of a note in the case at bar), and to require plaintiffs to accept the same as liquidated damages in substitution for specific performance, and I so hold. I further hold that there is nothing on the face of the complaint herein to show that the plaintiffs have, by laches or delay, forfeited any of their rights under the said contract. Therefore it follows that the objections to the complaint set out in the second, third, and fourth demurrer of the defendant John C. Pruitt cannot be sustained.

The fifth ground of objection to the complaint is that it appears that Pat W. Major, the seller of this land, did not have title thereto at the time of his contract to convey it to the defendant John C. Pruitt, and it does not appear that the said Pat W. Major ever acquired or could have acquired a fee-simple title to said real estate, unencumbered. It was not necessary that Major be the absolute owner of the property at the time of the execution of the contract. He had a written option, from which it may be inferred that he was in position, or could put himself in position, to claim a conveyance from the owner. What he undertook to do under the terms of the contract was to deliver "a good deed of conveyance" to the purchaser on January 1, 1921, the time fixed for the second payment by Pruitt. The complaint

shows that the plaintiffs, as successors in interest and representatives of Major's assignee, stood ready to convey a good title to the property at that time, and this was all that could be required.   The cases in this state hold that it is sufficient if the vendor can deliver a good title by the time of making the decree.   *Miller v. Cramer,* 48 S. C., 295, 26 S. E., 657; *Lyles v. Kirkpatrick,* 9 S. C., 265; *Lesesne v. Witt,* 5 S. C., 463; *DuBose v. James,* McMul. Eq., 55.   Further, the allegations of the complaint show that Pat W. Major and J. M. Cherry were acting together in the sale of these lands, and that the deed was to be made by the latter.   The lands are described in the contract by numbers on a plat showing a "subdivision of the Cherry Farms."   The defendant Pruitt knew of and acquiesced in the arrangement for the sale, as evidenced by his promissory note to J. M. Cherry for the first payment.   The contract is not signed by J. M. Cherry, but this was not necessary; the signature thereto of the purchaser being sufficient to satisfy the law.

In the case of *Stewart v. Griffith,* cited above, the contract was with the agent of the owner of the property, and it has been held that even an undisclosed principle may enforce the sale of the property under a contract made by his agent.   *Davidson v. Hurty,* 116 Minn., 280, 133 N. W., 862, 39 L. R. A. (N. S.), 324 (annotated).   And while an exception is recognized as to executory contracts, when the application of this rule would violate the right to choose with whom one will have business dealings, it does not apply here, for the reason that the defendant Pruitt knew that he was dealing with J. M. Cherry.   The objection stated in the fifth paragraph of the demurrer cannot be sustained.

The sixth paragraph of the demurrer objects that there is a difference between the contract alleged to have been made and the one sought to be enforced, in that it is proposed to exclude tract No. 75, and that this variance is fatal to the plaintiff's right to specific performance.   In

other words, the objection is that the plaintiffs have not the right to reform the contract which they are asking to have enforced. This objection seems to overlook the principle that the purpose of the reformation asked for by the plaintiffs is not to enforce a different contract, but the one that the parties really made, by correcting an error alleged to have been made therein at the time of execution. No ground of equitable jurisdiction is better established than that of reforming contracts, where mistakes occur therein which prevent them from speaking the minds of the parties. The reformation asked for here cannot operate unjustly to the defendant Pruitt, since the allegations of the complaint show that he will be getting all the land that he contracted to buy at the price he agreed to pay for the same, with tract No. 75 left out. There is no doubt about the plaintiff's right in equity to introduce proper evidence to show that a mutual mistake was made in this contract, and to have it corrected, if such error was made, and this as auxiliary to specific performance of the contract in the same action. *Cooper v. McLaughlin,* 114 S. C., 332, 103 S. E., 523; *Martin v. La Boon,* 116 S. C., 97, 107 S. E., 320. The objections contained in the sixth paragraph are not tenable, and cannot be sustained.

Counsel for the defendant Pruitt announced at the hearing herein that the objections set forth in the seventh paragraph of the demurrer were withdrawn, which makes the consideration of the same unnecessary.

The objections made in the eighth and ninth paragraphs of the demurrer have been answered in what has been said above with reference to the second, third, and fourth paragraphs thereof, which shows that they cannot be sustained. In a case of specific performance of a contract for the sale of land, the Court's power to exercise its equitable jurisdiction is not dependent upon the inadequacy of the remedy at law. *Singleton v. Cuttino,* 107 S. C., 465, 92 S. E.,

1046; *Hammond v. Foreman,* 48 S. C., 175, 26 S. E., 212; *Davenport v. Latimer,* 53 S. C., 563, 31 S. E., 630.

It is ordered that the demurrer of the defendant John C. Pruitt to the complaint in this action be, and the same is hereby, overruled as to all of the grounds therein contained, with leave to said defendant to make and serve an answer to the said complaint within——days from the date of the filing of this order, if so advised.

*Mr John K. Hood,* for appellant, cites: *Plaintiff had no cause of action on note assigned to defendant bank:* 110 S. C., 99. *Demurrer should have been sustained:* 79 S. C., 439. *Rights of seller to hold payment as liquidated damages and terminate contract:* 106 S. C., 459; 90 S. C., 495. *Where time is essence of the contract:* 90 S. C., 495. *Distinction between penalty and liquidated damages:* 11 Rich. L., 554; 2 Bail. Eq., 293; 11 Rich Eq., 225; 9 S. C., 374; 19 S. C., 434; 94 S. C., 188; 82 S. C., 297; 67 S. C., 462; 90 Ill. App., 111; 257 Ill., 260; 121 N. E., 237; 184 S. W., 244.

*Mr. J. Harry Foster,* for appellant, cites: *Complaint demurrable for including improper defendant:* Code Proc. 1912, Sec. 140; 77 S. C., 412; 79 S. C., 438; 114 S. C., 516. *Where time is essence of contract:* 90 S. C., 495; 36 Cyc., 575; 36 Cyc., 711. *Contract in alternative cannot be specifically enforced:* 53 N. E., 576; 29 N. E., 282; 2 L. R. A., 215; 26 Enc. L. (2nd. Ed.), 88. *Right to decline performance where principal is undisclosed:* Mich., Agency, 769; 13 L. R. A. (N. S.), 156; 56 A. L. R., 892; 134 A. L. R., 582; 39 L. R. A. (N. S.), 472.

*Mr. Wm. J. Cherry,* for respondents, cites: *Defendant Bank a proper party:* 16 S. C., 73; 46 Am. Dec., 190; 27 S. C., 318; 79 S. C., 440. *Provisions as to penalty and damages were to secure performance of contract:* 11 Rich., 554; 94 S. C., 184; 11 Rich Eq., 225 2 L. R. A. (N. S.),

210; 199 Fed., 262; 52 Am. Rep., 310; 42 Minn., 194; 59 N. J. Eq., 427; 53 N. J. Eq., 15; 28 Minn., 439; 1 Gray, 414; 8 Gray, 550; 10 Me., 40; 5 Gilman, 196; 5 Cow., 272; 33 Beavan, 585; 28 Minn., 439; 18 N. Y. Supp., 642; 87 N. Y., 400; 30 Atl., 1061; 45 Atl., 605; 107 N. W., 177; 199 Fed., 262; 135 N. W., 319. *Right of vendor on default by vendee:* 217 U. S., 323. *Time not of essence of contract:* Bail. Eq., 371; 5 Rich. Eq., 370; 5 S. C., 462; 9 S. C., 269; 53 S. C., 574; 123 U. S., 403; 134 U. S., 68. *Vendee cannot set up his own default as defense:* 84 S. C., 185. *Only required of vendee that he be ready and able to convey:* 48 S. C., 295; McM. Eq., 55. *Contract was enforceable against J. M. Cherry:* 1 Enc. L., 1140; 2 Hill. Ch., 584; 69 L. R. A., 629; 39 L. R. A., (N. S), 324. *Plaintiffs can reform and then enforce contract:* 2 Pom. Eq. Jur. (2d Ed.), Sec. 862; 1 Story Eq. Jur. (13th Ed.), Sec. 233; 114 S. C., 332; 116 S. C., 113. *Plaintiffs have no adequate remedy at law:* 107 S. C., 465; 48 S. C., 175; 53 S. C., 563. *Only party to be bound need sign contract:* 10 Rich. Eq., 459; 48 S. C., 509; 1 Enc. L., 1141; 55 Am. Dec., 330; 21 Am. Rep., 617. *Oral authority to agent is sufficient:* 1 Rich. Eq., 426; 3 Hill, 48; 2 S. C., 411; 27 S. C., 384; 68 S. C., 369.

*Messrs. Watkins & Prince,* for respondents, cite: *Contract was for purchase of land and will be interpreted as such:* 25 R. C. L., 230; 11 Rich. Eq., 225; 36 Cyc., 571; 25 R. C. L., 343; 36 Cyc., 571; 87 N. Y., 400; 217 U. S., 323. *Forfeiture must first be declared by seller before purchaser can claim rights under contract:* Foy. Spec. Perf. (5th Ed.), 70; 13 C. J., 609; 29 A. & E. Enc. L., 645; 2 L. R. A. (N. S.), 210; 118 Pac., 292; 119 Fed., 262; 54 N. E., 347; 47 Pac., 556; 155 Pac., 563; 70 N. Y. L., 1096; 80 N. W., 458; 158 Pac., 1160; 71 Pa. Sup. Ct., 344; 1 Gray, 414; 68 So., 259. *Not necessary to have legal title at time contract is signed:* 25 R. C. L., 328; McM. Eq., 55; Foy.

Spec. Perf. (5th Ed.), 664. *Contract may be reformed and performance decreed in equity:* 116 S. C., 113. *Specific performance is equitable action:* 107 S. C., 465; 25 R. C. L., 271.

August 17, 1922.

The opinion of the Court was delivered by Mr. Justice Fraser.

These two actions [Nos. 10987 and 11007] were tried together. They are actions for specific performance.

I. The appellants resist specific performance, because they allege that the contract provides that, in case the buyers do not comply with their contracts, the initial payments shall be considered forfeited as liquidated damages. The cases were heard on demurrer to the complaint before Judge Ernest Moore; who overruled the demurrer. From these decrees the buyers, defendants, appeal.

The contracts must be considered as a whole. They provide at length for the enforcement of the rights of the respective parties under the contracts by legal proceedings, and the payment of the attorney's fees by the parties who fail to carry out their part of the contract. It is manifest that, if the contract contemplated that the buyer had the right to terminate the contract by a forfeiture of the initial payment, then no legal proceedings would be had, and no attorney's fees to be paid. Let the decree of Judge Moore's be reported. ·

II. The defendant, Pruitt, demurs because the National Union Bank of Rock Hill is made a party, and there is no cause of action stated against the bank. The bank did not demur, and Pruitt is not injured. This exception cannot be sustained.

III. Pruitt complains that Major, with whom he made the contract, did not have title. The complaint alleged that Major made the sale under the contract with Cherry, who was the owner, and for his benefit in part, and then Cherry took an assignment of Major's interest. Pruitt accepted this change of status, and gave his note to Cherry, who assigned the note to the bank. It is now too late for Pruitt to repudiate the contract. After Cherry accepted the note and assigned it, he is bound. ·

The judgment is affirmed.