16830

DEMPSEY v. HUSKEY *ET AL.*
(80 S. E. (2d) 119)

*Wade S. Weatherford, Jr., Esq.,* of Gaffney, *for Appellants,*

*Harry L. Cline, Esq.,* of Gaffney, *for Respondent,*

The Order of Judge Littlejohn follows:

This matter came to be heard before me at Chambers at Spartanburg on Tuesday, January 13, 1953, as a result of exceptions filed by the plaintiff to the report of the special referee, and as a result of exceptions filed by the defendants Martha S. Huskey and Cecil G. Huskey, grounds for which exceptions will appear more fully by reference to the instruments filed by counsel in the case, both of which are of record.

A summary of the testimony in this case reveals that the plaintiff, Bertha Dempsey, on November 8, 1947, agreed to purchase a house and lot from Martha S. Huskey, the transaction being handled by her husband, Cecil G. Huskey, for the purchase price of $5,350.00, and that $1,000.00 was paid and receipted for on that day. On November 27, 1947, she paid an additional $1,000.00 and received a receipt therefor. The plaintiff came to occupy the house for approximately three months without further payment and without a deed being executed. There was no formal contract of purchase and sale, and the testimony relative to the time of compliance, etc., is in conflict.

In February, 1948, the plaintiff advised the defendant Cecil G. Huskey of the fact that she was moving to Florida, and Huskey advised her that he could sell the property to some one else and give her her money back within five days. The plaintiff vacated the property and very soon thereafter defendant Cecil G. Huskey went to Washington and stayed 90 days without doing anything about the property. He returned and on or about June 1, 1948, sold the house and lot to the defendant Ned Shehan for the sum of $5,500.00 and executed a bond for title, the terms of which provided for $350.00 in cash and $50.00 per month for a period of five

years at 6% interest. It was contemplated that at the end of five years the principal would have been reduced such that a conventional loan could be obtained, and such that the remaining portion of the purchase price could be paid by Shehan to the Huskeys. This transaction made by the Huskeys with Shehan was made without the knowledge or consent of the plaintiff.

Thereafter, in April of 1949, this action was commenced against Mrs. Martha S. Huskey and Ned Shehan for the purpose of having the Court adjudicate the rights of the parties. Later, Cecil G. Huskey was made a party defendant, and at the hearing before the special referee plaintiff amended her complaint so·as to allege fraud on the part of Cecil G. Huskey, as will appear by reference to the amendment permitted and reported in the testimony. The prayer for relief accompanying and amendment is for judgment against defendants Cecil G. Huskey and Mrs. Martha S. Huskey in the amount of $2,150, with interest, and for such other and further relief as to the Court may seem necessary and proper.

There is testimony to the effect that while the plaintiff occupied the premises she spent approximately $150.00 for improvements and/or shrubbery and seed.

It has been agreed by counsel that it is to the best interest of all parties concerned that the sale to Shehan be carried out, and this Court has, on December 9, 1952, passed its order, consented to, permitting Shehan to pay to the Clerk of Court the sum of $3,000.00, and permitting the sale to be completed such that Shehan get good title from Martha S. Huskey, and such that the contest and the action continue over the funds.

The referee has recommended judgment in the amount of $2,000.00 in favor of the plaintiff, has denied plaintiff's claim for interest, has denied defendants' claim of a forfeiture, has assessed costs of the action against the defendants Martha S. Huskey and Cecil G. Huskey, and has recommended other relief incidental to the action.

The summary given hereinabove does not attempt to set forth all of the facts but reference is made to the whole of the testimony which has been studied in detail.

The defendants Martha S. Huskey and Cecil G. Huskey filed 14 exceptions to the referee's report, but basically raise only four issues. 1st, was the defendant Cecil G. Huskey guilty of legal civil fraud? 2nd, was the referee in error in basing his findings on personal observations, experiences, surmise and conjecture? 3rd, was the referee in error in failing to allow the defendants interest? 4th, was the referee in error in failing to hold that the plaintiff forfeited the $2,000.00?

The plaintiff files one exception in which she challenges the correctness of the referee in failing to allow the plaintiff interest on the $2,000.00 which she paid from the time of five days after defendants promise to sell the property in February, 1948.

Upon a review of the testimony and after hearing argument of counsel for both sides and studying the very able briefs which have been submitted, I find myself basically in accord with the findings and holdings and recommendations of the special referee with certain exceptions which will be hereinafter set forth. It is obvious that the referee has given considerable time and study to this case and I have a very high regard for the recommendations included in the report. At the same time a more substantial justice may be brought about in this case if it is approached and decided on a different basis. It would appear beyond dispute that in this State in a case of an agreement to buy and sell real estate, where the vendee defaults the vendor has a right to foreclose as in the case of a mortgage. The equitable title is in the vendee. The legal title is in the vendor. When such an action is brought to adjudicate the rights of the vendor and vendee the vendor corresponds to the mortgagee and the vendee corresponds to the mortgagor. The Court may sell the property and pay to the vendor

the remaining amount of the purchase price, together with costs of the action, and interest in a proper case.

In this case in February, 1948, at the time when the ▊ plaintiff advised the defendants of her plans to move to Florida, the vendor became vested with such a right to bring an action and to proceed as in a foreclosure. In lieu of such an action I find that the parties agreed that Cecil G. Huskey should sell the property and return the $2,-000.00 to the plaintiff in lieu of bringing a court action. This he did as to such sale after considerable delay. I think that the agreement contemplated a cash sale. I do not think that the defendants Huskey were justified in entering into a five-year contract at $50.00 a month without the consent of the plaintiff. It would appear to this Court that this case should be settled on a purely equitable basis, which can be done without substantial detriment to any of the parties concerned. The Huskeys have received $2,000.00 from the plaintiff, $5,500.00 from Shehan, plus interest on $5,150.00 since about June 1, 1948 (less interest on the monthly payments which have been made.) In other words, the Huskeys have used the plaintiff's $2,000.00 and received interest on the same since June of 1948. It is only equitable under all of the circumstances in this case that the plaintiff be paid interest on her $2,000.00 over this period of time. She has relied upon the promise of Cecil G. Huskey to sell the property within five days after her moving to Florida, and he has neglected to diligently pursue the matter in her behalf, and has sold the property under a long-term agreement without the knowledge or consent of the plaintiff.

The referee's findings of civil legal fraud is not entirely unsupported by the evidence, but I do not think it necessary to determine the case on that basis. It would appear to be purely a case of equity, and I think it would be adequate to the extent that the Court is entirely in agreement with the referee to say that the conduct of the defendant Cecil G. Huskey in this case has been irregular.

Defendants except to the report of the referee on the ground that the same is based on surmise, conjecture and personal experiences. With or without the portions complained in the exception it would appear that the basis conclusions would be the same, and such exception is overruled.

The referee was not in error in failing to allow the defendants interest, first because an early sale of the property was not sought by the defendants, second, because the defendants Huskey sold the property on a long-term credit plan of their own choosing without the consent of the plaintiff who had the equitable title, and third, the defendants have collected interest for substantially all of the time involved from the defendant Shehan on such part of the purchase price as they were entitled.

The defendants complain that the referee should have held that the plaintiff forfeited her $2,000.00. The evidence in this case does not warrant such a conclusion, and I agree with the referee that the forfeiture, which is abhorred in this State, should not have been permitted.

In a very able brief filed by counsel for the defendants Huskey, counsel urges that the Huskeys are entitled to the same rights in this case as where a defaulting purchaser remains in possession of the real estate involved, but I do not think that the equities in this case should be decided on the basis of the law cited because here the vendee has given up possession and returned the possession to the vendor.

This brings us to the exception filed by counsel for the plaintiff. It is the opinion of the Court that plaintiff's exception, which complains of the fact that interest was not allowed on the $2,000.00 should be sustained for reasons hereinabove set forth.

In this case I have taken into consideration the fact that the plaintiff has made some expenditures for improvements to the real estate, the fact that the defendants have effected

the sale of the property without foreclosure costs, the fact that the property has been sold for $150.00 more than the original contract price, the fact that the plaintiff occupied the premises for some three months, and the fact that the property might have been sold more readily and for cash had the defendant Cecil G. Huskey pursued the matter. The plaintiff has had the benefit of free rent and the benefit of having the property sold without an action. The defendants Huskey will have under this decree the benefit of the additional $150.00 purchase price. The benefits to each of the litigants substantially offset the benefits enjoyed by the other litigant.

Since hearing this case both the plaintiff and the defendants Huskey have submitted additional evidence to the Court. This evidence has not been considered because of the fact that no opportunity for cross examination has been provided, nor do I think the evidence necessary to do substantial justice in the case. I have considered the advisability of sending the case back to the referee as urged by counsel for the defendants, but have concluded that substantial justice under all of the circumstances can be brought about on the basis of the showing already made, and inasmuch as this case has been pending for such a long time already I think it advisable to bring it to an end.

Though the additional evidence submitted cannot be considered by the Court, notice will be taken of the fact that the Huskeys have received from purchaser Shehan the sum of $6,586.18, representing purchase price plus interest. This figure was submitted by both sides and cannot be in dispute. The amount of interest collected, to wit, $1,086.18, should be disbursed to the parties in reasonable proportion to their claims against the property. On the basis of a $5,350.00 sale, Mrs. Dempsey held a $2,000.00 interest and the Huskeys held a $3,350 interest. The $2,000.00 belonging to Mrs. Dempsey helped to earn the interest referred to hereinabove and collected by the Huskeys in cash.

It Is Therefore Ordered, Adjudged, and Decreed:

1. That all of the exceptions of the defendants be, and the same are hereby overruled.

2. That the exception of the plaintiff is sustained.

3. That the Clerk of Court for Cherokee County pay to the plaintiff out of funds deposited in this case the sum of $2,000.00 plus interest at 6% per annum as provided by law in cases of legal interest, from June 1, 1948, to the date of settlement, to be computed by the Clerk.

4. That the Clerk of Court pay out of said funds all costs of this action, including but not limited to $40.00 for The Honorable Claude Fort, as special referee, the sum of $20.00 to Miss Evelyn Hammlett for the taking of testimony, $25.00 to Mr. A. Ray Godshall as attorney for the defendant Shehan, and that the funds remaining from said deposit be paid to Mrs. Martha S. Huskey and Cecil G. Huskey.

It Is Further Ordered, Adjudged, and Decreed that the title to the real estate involved in this action be and the same is hereby confirmed in Ned Shehan, and that the parties to this action be, and they are hereby barred from any claim in equity or law against the property involved.

The report of the referee, except as hereinabove modified, is hereby affirmed.

February 8, 1954.

PER CURIAM.

After a careful study of the record, we are satisfied that the Order of the Circuit Judge metes out substantial justice.

All exceptions are overruled.

BAKER, C. J., STUKES, TAYLOR, and OXNER, JJ., and Moss, Acting Associate Justice, concur.