18175

The SURETY INDEMNITY COMPANY, Appellant, v. John S. ESTES, James S. Estes, a minor over the age of fourteen (14) years, J. M. Conway, Jr., Conway Construction Company, and Duke Power Company, Respondents.

(135 S. E. (2d) 226)

*Messrs. McDonald & Cox,* of Greenville, *for Appellant,*

*Messrs. Julius B. Aiken* and *Haynsworth, Perry, Bry-ant, Marion & Johnstone* and *Leatherwood, Walker, Todd & Mann*, of Greenville, *for Respondents*,

March 3, 1964.

BRAILSFORD, Justice.

The appellant, The Surety Indemnity Company, an insurance company with its home office in Greenville, South Carolina, brought this action for a judgment declaring that an automobile liability insurance policy, which had been issued by it on May 18, 1961, to the respondent, John Stevens Estes, expired as of 12:01 A. M. Standard Time, November 18, 1962, because of the insured's failure to pay a required renewal premium within thirty days after that date. This is an appeal from a judgment of the County Court for Greenville County denying the relief sought and declaring the policy valid.

The original term of the policy was for six months and it had been twice renewed for similar terms under the following provision:

"This policy shall expire at 12:01 A. M. Standard Time on the expiration date shown above, except that it may be continued in force for successive policy periods by the payment of the required renewal premium to a duly authorized representative of the company within thirty days after the beginning of each such period."

One of the automobiles covered by the policy was in a collision on December 1, 1962. The accident was reported to and was investigated by Surety. When this loss occurred, the insured had the absolute right to continue the policy for a six months period retroactive to November 18, 1962, by timely payment of the required premium. The record is clear that he intended to do so. The question is whether he has forfeited this contractual right through inadvertence or neglect. No binding or persuasive precedent has been cited and we have found none. The case will turn on its peculiar facts.

The insured first undertook to pay the renewal premium by mailing a check, drawn on the South Carolina National Bank of Greenville, to Surety on or about November 30, 1962. However, because of an inadvertent discrepancy on the face of the check, payment was refused by the bank, and the check was returned to the insured by letter dated December 7, 1962.

The insured mailed a second check to Surety for $121.42, the amount of the premium, on December 8, which was deposited on December 13. In the meantime, a $15.00 check of a third person, with which the insured had purchased a bank money order, was returned to the South Carolina National Bank for insufficient funds and was charged to the insured's account on December 12. As a result, the account was insufficient to pay the premium check when it was presented on December 13. The insured, having received notice of the $15.00 charge to his account, made a deposit on December 14, which restored the account to an amount sufficient to cover the premium check. A sufficient balance for this purpose was retained in the account for the remainder of the year.

The dishonored premium check was included with mail opened by a controller of Surety on Monday morning, December 17. He had the policy file brought to him, and, after examining it, turned it over to the claims department. The check was retained by the company.

On December 18, the insured received from the South Carolina National Bank a charge ship which, for the first time, put him on notice that the check which he had mailed to Surety on December 8 had been dishonored. He immediately called Surety and was put in touch with a representative in the claims department. He told this representative that the money to cover the check was in the bank and requested that the check be redeposited. He also talked to the agent from whom he had purchased the policy and offered to give him another check, which was declined.

This action for declaratory judgment was commenced by Surety on December 20, 1962. Upon the trial of the case, motions for the direction of a verdict were made by both parties and refused. The trial judge found no merit in Surety's motion for judgment notwithstanding the verdict and expressed the view that he "would have been justified in directing verdict for the defendants. The basic uncontradicted fact is that the check for the payment of the premium was in the hands of the plaintiff, and was good, on the day before the grace period expired." We agree that a verdict should have been directed for respondents (the insured and others having interests arising out of the collision who were joined as defendants). The statement of our reasons therefor will dispose of Surety's exceptions to the failure of the court to direct a verdict for it. The other questions relate to errors in the charge and need not be considered.

Although this policy was written for a definite term, the insured had the right to have it continue in force for successive periods of six months by the payment of a premium "within thirty days after the beginning of each such period." This clearly contemplates a continuing policy rather than successive, new and independent contracts. 29 Am. Jur., Insurance, Sec. 716. The question, then, is not whether the insured has acquired rights under a new contract by the acceptance of an offer to renew, but whether he has forfeited his rights under a contract of insurance which had been in existence since May 18, 1961, and under which a claim had arisen. Such a forfeiture will not be declared unless plainly demanded by the terms of the contract when applied to the facts proved. *Brown v. Pilot Life Insurance Company,* 185 S. C. 334, 194 S. E. 121.

Payment of premiums by check was authorized by the course of dealing between the parties and by the premium notice which was mailed to the insured. By the terms of this notice, and the general law, the check

was not accepted as absolute payment, but on condition that it would be paid on proper presentment. However, that this condition failed on December 13 could not, then, result in forfeiture, because the insured had the remainder of the grace period to make the tender good or to make a new tender.

The deposit made by insured on December 14 increased his account to an amount sufficient cover the check, which had been dishonored on the previous day but was not mailed to Surety until the day of the deposit. When the dishonored check reached the insurance company on December 17, within the grace period by any calculation, it had lost none of its vitality as a legal instrument. It was good for the full amount of the premium, which could have been realized in cash by presentment on that day or on any day up to the commencement of action.

Surety contends that the dishonored check was worthless, that the check was retained only as evidence of its worthlessness, and that it (Surety) owed no duty to present it a second time.

The claim that this check was worthless is simply contrary to the facts, as has been seen. Since the company retained the check in its possession, instead of returning it to the insured, no question of a duty to present a second time arises. The check was in the possession of the insurance company before the expiration of the grace period and was retained by it. It was an authorized medium of payment and met the condition that it would have been paid if presented. There was no requirement that cash be realized within the grace period. Tender of a check at any moment before its expiration would suffice to prevent forfeiture. The facts which have been stated were equivalent to a timely tender and kept the contract in force.

For related cases from this jurisdiction see *Brown v. Pilot Life Insurance Company,* 185 S. C. 334, 194 S. E. 121; *Turner v. Pilot Life Insurance Company,* 238 S. C.

387, 120 S. E. (2d) 223; *Burns v. Prudence Life Insurance Company,* S. C., 134 S. E. (2d) 769. See also Annotation, 50 A. L. R. (2d) 630.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.