18372

Ramelle Sims ELLIOTT, Appellant, v. S. D. SNYDER, Jr., Respondent
(143 S. E. (2d) 374)

*Messrs. Oxner & Oxner,* of Columbia, *for Appellant,*

*Messrs. Marchant, Bristow & Bates*, of Columbia, *for Respondent,*

*Messrs. Oxner & Oxner,* of Columbia, *for Appellant, in Reply.*

July 6, 1965.

TAYLOR, Chief Justice.

Appellant, owner of a tract of land in Richland County, brought this action for the rescission and cancellation of a contract for the sale of such land to Respondent. This appeal is from the Order of the Honorable Bruce Littlejohn affirming the Master's Report and holding the contract to be in full force and effect.

On August 29, 1960, Appellant and Respondent entered into a contract of sale for 87½ acres on the Old Gin House Road in Richland County. The purchase price was $17,500.00, of which $500.00 was paid on the date of the contract and the balance was to be "paid annually in the amount of $1,200.00, beginning with the first installment due December 31, 1961, and to continue in yearly annual installments

for a period of not more than seven years at which time the entire balance will be due and payable." The contract further provided that "if Purchaser defaults in any one installment this contract becomes Null and Void, and the property reverts to the Seller without recourse."

It was found by the Master and concurred in by the Trial Judge that the contract was negotiated by a real estate agent who was authorized by Appellant to accept payment on the contract from Respondent by check. On December 31, 1962, the second annual installment in the amount of $1,200.00 was made by check and delivered to the real estate agent. The check which was drawn on the South Carolina National Bank was deposited in the First National Bank and credited to Appellant's checking account on January 4, 1963. It reached the South Carolina National Bank on January 8, 1963, and then was returned to the First National Bank marked "Drawn against uncollected funds." The check was returned to Appellant on January 9, 1963, and retained by her until offered in evidence at the hearing below.

It was further found that on December 31, 1962, there was not sufficient funds in Respondent's account in the South Carolina National Bank for the check to have been paid; however, prior to its presentment a deposit by check was made on January 3, 1963, of an amount sufficient to pay the check. Sufficient funds were on deposit to the credit of Respondent from January 3, 1963, to June 18, 1963. The bank did not release the funds deposited on January 3, 1963, until January 9, 1963.

Appellant did not redeposit the check or make any attempt to collect thereon but, rather, considered the contract null and void and contends that Respondent defaulted in the payment of the second installment. Here the accepted method of payment was by check; however, the giving of a check is not, in the absence of an express or implied agreement to that effect, a payment in discharge of the debt; the presumption being that the check is accepted

on the condition it shall be paid when presented to the bank; *Atlantic Life Ins. Co. v. Barringer,* 175 S. C. 145, 178 S. E. 505; *Surety Indemn. Co. v. Estes,* 243 S. C. 593, 135 S. E. (2d) 226; *Burns v. Prudence Life Ins. Co.,* 243 S. C. 515, 134 S. E. (2d) 769.

The lower Court held that the check in question was not worthless and that there was a sufficient payment of the annual installment to avoid forfeiture.

As a general rule, breach of contract, to warrant its rescission, must be so substantial and fundamental as to defeat the purpose of the contract, *Davis v. Cordell,* 237 S. C. 88, 115 S. E. (2d) 649; *Smith v. First Provident Corporation,* Smith's Reports, April 17, 1965, S. C., 141 S. E. (2d) 646. Forfeitures are not favored in law and Courts will seize upon even slight evidence to prevent one, *Cope v. Jefferson Standard Life Ins. Co.,* 123 S. C. 532, 133 S. E. 440; *Lane v. New York Life Ins. Co.,* 147 S. C. 333, 145 S. E. 196; *Palmer v. Sovereign Camp W. O. W.,* 197 S. C. 379, 15 S. E. (2d) 655.

The check here was not returned for "insufficient funds" but, rather, was stated to be returned because "drawn against uncollected funds," which placed Appellant on notice that the check was not necessarily worthless but that the funds drawn upon had not been collected at that time. It is undisputed that had it been presented to the bank at any time after January 9, 1963, it would have been paid. The check was not presented to the bank again, no inquiry was made thereabout and no notice was given to the drawer that it had not been honored because of "uncollected funds."

We are of opinion that under the facts of this case there was substantial compliance with the terms of the contract sufficient to prevent a forfeiture, that Appellant is not entitled to rescind the contract and that the Order appealed from should be affirmed; and it is so ordered. Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.