0766

SOUTHERN POLE BUILDINGS, INC., a South Carolina Corporation, Plaintiff v. Don WILLIAMS, W. Dennis Smith, Peterson Lumber Company, Inc., and Ray D. Hawkins, Defendants, Ray D. HAWKINS, d/b/a Greenville Tile Installation Company, Plaintiff v. Donald B. WILLIAMS, W. Dennis Smith, Woodruff Federal Savings and Loan Association, Peterson Lumber Company, Inc., and Southern Pole Buildings, Inc., Defendants, DIXIE-MESSER MIRROR AND GLASS, INC., Plaintiff v. Virginia W. WILLIAMS, Donald B. Williams, Ray D. Hawkins, d/b/a Hawkins Tile Installation Company, W. Dennis Smith, Woodruff Federal Savings and Loan Association, Peterson Lumber Company, Inc., and Southern Pole Buildings, Inc., Defendants, of whom W. Dennis Smith is the Appellant, and Southern Pole Buildings, Inc., a South Carolina Corporation, and Dixie-Messer Mirror and Glass, Inc., are Respondents. Appeal of W. Dennis SMITH.

(347 S. E. (2d) 121)

Court of Appeals

*J. D. Todd, Jr.* of *Leatherwood, Walker, Todd & Mann,* Greenville and *Claude P. Hudson* of *Hawkins, Ellis & Hudson,* Greer, *for appellants.*

*H. Samuel Stilwell, G. Maurice Ashmore* of *Ashmore, Stilwell & Hunter,* Greenville, *for respondents Southern Pole Bldgs., Inc.* and *Dixie-Messer Mirror & Glass, Inc.*

*William J. Barnes,* Greenville, *for defendant Peterson Lumber Co., Inc.*

Heard April 24, 1986.

Decided Aug. 4, 1986.

CURETON, Judge:

Appellant W. Dennis Smith entered into a contract of sale to sell real estate to Virginia W. Williams. He appeals an order of the trial court permitting foreclosure of several mechanics liens filed against the property for labor and materials furnished to make improvements to the property, pursuant to Section 29-5-10 of the Code of Laws of South Carolina, 1976. We affirm as modified and remand.

In July 1981, Smith entered into a written contract to sell the tract in question to his cousin, Mrs. Williams. The unrecorded contract provided for monthly installment payments. Smith testified that the contract was no longer in effect because Mrs. Williams ceased making payments on the property in 1983 and, under the terms of the contract, all her rights of ownership were forfeited. Mrs. Williams later signed a document relinquishing to Smith her interest in the property.

Respondents Southern Pole Buildings, Inc. (Southern Pole) and Dixie-Messer Mirror and Glass, Inc. (Dixie-Mes-

ser),[1] at the request of Donald Williams, husband of Virginia Williams, furnished labor and materials that were used in the construction of a barn built by Mr. Williams on the property. Neither supplier contacted either Mrs. Williams or Smith personally prior to supplying the labor and materials. The testimony is contradictory as to whether Mrs. Williams consented to her husband making the improvements. Mrs. Williams testified that she did not want the barn built and that her husband built it over her objections. On the other hand, Mr. Williams testified that the building of the barn was a joint venture between him and his wife. The evidence showed that at the time the materials were furnished, the parties lived together as man and wife on the property, but that they later separated. The trial judge found that the construction of the barn was a joint venture.

A proceeding for the enforcement of a mechanics lien is legal in nature and thus our scope of review is limited to ascertaining whether there is any evidence to sustain the ruling of the trial judge. *Willard v. Finch,* 123 S. C. 56, 116 S. E. 96 (1923).

Smith contends first that Mr. and Mrs. Williams had no legal or equitable interest in the property to which a mechanics lien could attach because the contract of sale provided that upon a default in the monthly installment payments, all prior payments would be applied as rent and the purchaser's rights under the contract would terminate. Moreover, he argues Mrs. Williams has relinquished any equitable interest she may have had in the property. We reject this contention. While the record is not clear as to the precise date of default in payments or when Mrs. Williams released her interest in the property to Smith, the record shows that any default in the payment of installments occurred after the mechanics liens were filed. Thus, a default in the payments and the subsequent release by Mrs. Williams of her interest in the property to Smith after the

---

[1] Other mechanics lien holders were involved at trial, but have not participated in this appeal. We are advised that they have abandoned their liens and/or claims.

labor and materials were furnished cannot affect the vested mechanics lien rights that arose inchoate when the materials and labor were furnished. *See Shelley Construction Co. v. Sea Garden Homes, Inc.*, 287 S. C. 24, 336 S. E. (2d) 488 (Ct. App. 1985).

Smith next argues that Southern Pole and Dixie-Messer should have been required to obtain his consent to furnish the labor and materials before they could acquire valid liens against the property. We disagree. As vendee in possession of the land under an executory contract of sale, Mrs. Williams was considered the owner of an equitable interest in the property that was subject to the attachment of a mechanics lien. *Ridgeway v. Broadway*, 91 S. C. 544, 75 S. E. 132 (1912) (an equitable owner of property is encompassed by the word "owner" in the mechanics lien statute); *see also* 53 Am. Jur. (2d) *Mechanics' Liens* Section 42 (1970). Because Smith was not the equitable owner of the property, neither lienor was required to obtain his consent prior to furnishing the labor or materials. Of course, such lienors' interests cannot have priority over Smith's right to receive the purchase money he is owed for the land under the terms of the contract of sale unless it is shown that he has contracted with the suppliers to furnish the materials or has otherwise subjected his legal interest to the liens. 53 Am. Jur. (2d) *Mechanics' Liens* Section 275 (1970).

We next consider whether there is any evidence that Smith either contracted with the suppliers or otherwise subjected his interest in the land to the mechanics liens. Neither supplier contends it contracted with Smith. The trial judge found that because Smith contracted to sell the real estate to Mrs. Williams with the knowledge that she might erect improvements on the property and because Smith lived in the general vicinity of the property and could have observed the improvements being erected, that he was estopped from denying Mrs. Williams's authority "to erect a structure thereon." We hold as a matter of law that such evidence is insufficient to show that Smith consented to the furnishing of the materials for the improvements. At best, Smith acquiesced in a state of things already in existence. *See Guignard Brick Works v. Gantt*, 251 S. C. 29, 159 S. E. (2d) 850 (1968). Indeed, Smith's uncontradicted testimony is

that he learned for the first time that the improvements were being made after they were almost completed and only about a month prior to receiving the first notice of a mechanics lien. At that time, according to him, he made no effort to stop the improvements because he had already sold the property to Mrs. Williams. We find no evidence that Smith otherwise subjected his legal title to the mechanics liens.

We next consider the question of whether Mrs. Williams consented to the furnishing of the materials through her agent, Mr. Williams. The trial judge found that Mr. and Mrs. Williams had entered into a joint venture to construct the improvements on the property. Of course the testimony of Mr. and Mrs. Williams on this issue was contradictory. Mr. Williams testified to a joint venture while Mrs. Williams denied any such relationship. The matter of judging witnesses' credibility is largely the responsibility of the trial judge who heard them testify. *Rogers v. Nation,* 284 S. C. 330, 326 S. E. (2d) 182 (Ct. App. 1985). While we agree with Smith that the evidence does not as a matter of law demonstrate a joint venture, we think it sufficient to show that Mrs. Williams consented to construction of the improvements and invested Mr. Williams with authority to purchase the materials involved in these liens.

The order of the trial judge is affirmed to the extent that it permits Southern Pole and Dixie-Messer to foreclose their mechanics lien, but is modified to make such foreclosure subject to the right of Smith to receive the purchase money and interest due him under the terms of the contract of sale. This matter is remanded to the trial judge to determine the amount due Smith.

Affirmed as modified and remanded.

GARDNER and GOOLSBY, JJ., concur.