535 S.E.2d 139

**William LEWIS, Appellant,**

v.

**PREMIUM INVESTMENT CORPORATION, Respondent.**

No. 3204.

Court of Appeals of South Carolina.

Heard March 8, 2000.

Decided June 26, 2000.

Rehearing Denied Sept. 2, 2000.

William Paul Young, of North Myrtle Beach, for appellant.

Linda Weeks Gangi, of The Thompson Law Firm, of Conway, for respondent.

## PER CURIAM:

William Lewis (Purchaser) appeals from the Master–In–Equity's findings that 1) the installment sales contract he entered into with Premium Investment (Seller) for the purchase of land was properly canceled; 2) Seller was not required to accept his attempted payoff of the balance on the contract; and 3) he did not have an equitable interest in the property. We reverse and remand.

## FACTUAL BACKGROUND/PROCEDURAL HISTORY

On October 29, 1976, Purchaser entered into an installment sales contract to buy land in Horry County from Seller. The contract contained a default provision which stated: "In the event the Purchaser should fail to make any due installment, and such default shall continue for a period of thirty (30) days, the Seller shall have the right to declare this contract terminate[d] and all amounts previously paid by the Purchaser will be retained by the Seller as rent." Thereafter, Purchaser moved a mobile home onto the property and established a residence.

Purchaser made the required monthly payments under the installment contract until July 1988. On October 10, 1989, Seller mailed a certified letter to Purchaser advising that the contract would be canceled on October 30, 1989 for nonpayment and requesting that Purchaser remove his personal property from the land. The letter was returned to Seller marked unclaimed. Purchaser asserted he never received this letter although he conceded the notice was sent to the correct address.

In 1992, Purchaser contacted Seller in an attempt to resume making payments. A representative of Seller agreed to take the matter under advisement, but Seller ultimately did not respond to Purchaser's inquiry. In 1996, Purchaser tendered a check in an attempt to settle the debt, which Seller promptly refused. The check was written in an amount which approximately covered the balance due at the time of default, without accumulated interest. Purchaser maintained the residence on the subject property throughout this entire period, and Seller never attempted to eject Purchaser from the property.

Purchaser then brought an action requesting specific performance. Seller counterclaimed, alleging Purchaser was in default and the contract had been terminated. Seller alternatively sought foreclosure of any equitable interest the Purchaser obtained as a result of the transaction. After a final hearing, the master concluded the contract was terminated after Purchaser's default. The master determined Purchaser held no equitable interest in the land which required foreclosure and ordered Purchaser to remove any personal property.

## DISCUSSION

This action was commenced as an equitable action for specific performance of the contract for the sale of land. Moreover, an action for foreclosure or the cancellation of an instrument is in equity. *Wilder Corp. v. Wilke,* 324 S.C. 570, 479 S.E.2d 510 (Ct.App.1997) *aff'd,* 330 S.C. 71, 497 S.E.2d 731 (1998). In an action in equity referred to a master-in-equity or a special referee for final judgment, this court may take its own view of the preponderance of the evidence although it is not required to disregard the findings of the master. *See Friarsgate, Inc. v. First Federal Sav. & Loan Assoc. of S.C.,* 317 S.C. 452, 454 S.E.2d 901 (Ct.App.1995).

Purchaser maintains that he holds an equitable interest in the property which is not subject to strict forfeiture. Purchaser further argues that he was entitled to tender the balance due with interest and enforce the contract prior to a judicial determination.

In *Dempsey v. Huskey,* 224 S.C. 536, 80 S.E.2d 119 (1954), our supreme court recognized the general principle that an equitable interest arises in a vendee under a contract for the sale of land, although legal title to the property is retained by the vendor. In *Dempsey,* the court stated:

It would appear beyond dispute in this State in a case of an agreement to buy and sell real estate, where the vendee defaults the vendor has a right to foreclose as in the case of a mortgage. The equitable title is in the vendee. The legal title is in the vendor. When such an action is brought to adjudicate the rights of the vendor and vendee[,] the vendor corresponds to the mortgagee and the vendee corresponds to the mortgagor. The court may sell the property and pay to the vendor the remaining amount of the purchase price, together with costs of the action, and interest in a proper case.

*Id.* at 541–42, 80 S.E.2d at 121.

The Supreme Court again addressed the accrual of an equitable interest in *Davis v. Monteith,* 289 S.C. 176, 345 S.E.2d 724 (1986). In that case, Davis contracted to purchase three acres of land from the Monteith School District for three thousand dollars in 1949. Davis paid $100.00 earnest money when the contract was signed. Under the contract's terms,

the balance of $2900.00 was due within thirty days. However, Davis never made any additional payment for the land. Nonetheless, Davis used the property for thirty or more years without paying rent or taxes. The School District retained the deed to the land.

In 1976, Davis attempted to pay the $2900.00 balance but the School district returned the check. The trial court found Davis had an equitable interest in the property. However, Davis appealed this finding arguing he had a legal interest in the property.

The Supreme Court found Davis's free use of the property for thirty or more years did not give rise to an equitable interest. The facts of *Davis* are distinguishable from those of the case at bar for the following reasons: 1) Davis did not enter into a long-term installment sales contract for the land; and 2) Davis did not pay a substantial portion of the price of the land over a number of years.

In *Southern Pole Bldgs., Inc. v. Williams*, 289 S.C. 521, 347 S.E.2d 121 (Ct.App.1986), this court held that purchasers of property under an installment contract acquire an equitable interest. In *Southern Pole*, the seller under an installment contract attempted to avoid foreclosure of several mechanic's liens that the purchaser allowed to be filed against the subject property. The seller argued that the purchaser ceased making payments under the contract, thereby forfeiting all ownership rights under the contract's default provisions and negating the contract. This court recognized that the purchaser held an equitable interest in the property under the contract and that the mechanic's liens attached prior to any default. However, this court did not specifically address what measures are necessary to divest a purchaser of an equitable interest.[1]

---

1. Our courts have expressed a general willingness to avoid forfeitures upon the slightest of evidence. However, forfeiture has been recognized as a remedy available to a vendor under a contract. *See Elliott v. Snyder*, 246 S.C. 186, 143 S.E.2d 374 (1965). In *Elliott*, the seller under an installment land sale contract brought an action for rescission and cancellation thereof. The buyer tendered an installment check which was returned marked "Drawn against uncollected funds." The court held the seller was on notice that the check was not worthless but that the funds drawn upon had not been collected at that time. The

Although we find no reported South Carolina case with identical facts to those of the instant case, our sister state, North Carolina, addressed similar facts and issues recently in *Lamberth v. McDaniel*, 131 N.C.App. 319, 506 S.E.2d 295 (1998). In *Lamberth*, the vendors of land under an installment sales contract brought an action asserting the vendees' failure to make payments was a forfeiture under the sales contract. The contract contained a default provision similar to that applicable in the instant case.

The *Lamberth* Court recognized an equitable interest in a vendee under an executory agreement for the sale of land, stating:

It has been held repeatedly that "the relation between vendor and vendee in an executory agreement for the sale and purchase of land is substantially that subsisting between mortgagee and mortgagor, and governed by the same general rules."

*Lamberth*, 506 S.E.2d at 296. In expanding on this view, the court found in the event of default, a vendor-mortgagee may choose a variety of remedies, including forfeiture if the contract allows, while a vendee-mortgagor has the right to redeem his interest under the contract to prevent forfeiture. *See also Boyd v. Watts*, 316 N.C. 622, 342 S.E.2d 840 (1986) (recognizing among a vendor's options in the case of a default the right to initiate a quiet title action, accept noncompliance

---

court found there was substantial compliance with the terms of the contract sufficient to prevent a forfeiture, and that seller was not entitled to rescind. *See also First Trust & Sav. Bank of Rock Hill v. Pruitt*, 121 S.C. 484, 113 S.E. 469 (1922). In *First Trust*, the purchaser under an installment contract sought to avoid specific performance by arguing that default in payment resulted in forfeiture of any rights, leaving the seller with any sums previously paid as liquidated damages. The court denied purchaser's argument, recognizing that there can be no forfeiture without some affirmative action on the part of the person who is to take by forfeiture. The court further recognized that such clauses "are intended to insure a prompt and faithful performance by the purchaser, and may be enforced or not, at the election of the vendor." *Id.* at 491, 113 S.E. at 471. (citations omitted) The court noted that in some cases "the vendor may elect to insist on forfeiture or enforce specific performance under such provisions for forfeiture and liquidated damages, even though the contract contain [sic] the further provision that default on the part of the vendee is to render the contract null and void." *Id.* (citations omitted).

as a forfeiture, or initiate an action to declare the contract at an end). The court further held a vendee's right to redeem cannot be waived by contract at the time of the agreement. We find this reasoning persuasive and applicable to the instant case.[2]

■ The master determined the contract was properly canceled under the assumption that Purchaser never possessed an equitable interest. We hold Purchaser possessed an equitable interest in the property as well as an ancillary redemption right which could have prevented forfeiture or foreclosure. We further hold that Purchaser has not been afforded the opportunity to exercise his right of redemption in the instant case. Seller mailed a notice of default which was admittedly returned marked unclaimed. Seller took no further actions to assert any forfeiture right. The only contact between Seller and Purchaser after 1988 resulted from Purchaser's attempt in 1992 to resume payments and subsequent attempt to pay the balance in 1996. Seller correctly asserts that it was not required to accept an insufficient amount as payment. However, since the time Seller asserted his rights by way of counterclaim, Purchaser has asserted that he stands ready and willing to pay the balance due with accumulated interest thereon.[3]

Accordingly, we reverse the lower court's order and remand for the master to enforce Seller's right to seek forfeiture or foreclosure subject to Purchaser's right of redemption.

The judgment of the lower court is hereby

**REVERSED AND REMANDED.**

GOOLSBY, CONNOR and HOWARD, JJ., concur.

---

2. This view accords with *Elliott v. Snyder,* 246 S.C. 186, 143 S.E.2d 374 (1965) in which the court wrote: "Forfeitures are not favored in law and Courts will seize upon even slight evidence to prevent one[.]" *Id.* at 191, 143 S.E.2d at 375 (citations omitted).

3. The parties disputed the proper interest calculation under the contract. This issue was not before the court on appeal. The master is allowed to take additional evidence and make additional findings as necessary upon remand to determine the amount owed.