MELVIN, WOODROW M., Associate Judge.
The parties will be referred to as they appeared in the trial court.
The appellant, MacArthur, has perfected his appeal from an adverse decree entered in his suit for specific performance of an option to purchase executed by defendant, North Palm Beach, Inc., whose name was later changed to North Palm Beach Utilities, Inc. The subject matter of the option' is a water supply and sewerage disposal system. The option is contained in a utility agreement entered into between MacArthur and defendant, North Palm Beach, Inc., on June 22, 1955, whereby MacArthur agreed to loan said defendant certain money over a specified period of time to be used to pay the costs of constructing a water supply and sewerage disposal system. The agreement provided that the loans would be evidenced by notes given by North Palm Beach, Inc., to MacArthur and would be secured by a first mortgage upon the property upon which said system was located and upon all distribution facilities, franchises, rights-of-way and easements pertaining to said systems. The utility agreement was a part of an over-all transaction whereby large acreage was sold by MacArthur to North Palm Beach, Inc., under a purchase and sale agreement, likewise of date June 22, 1955.
The option, set forth in the utility agreement, purported to give to MacArthur the privilege of purchasing “the water supply and sewer disposal water system including all mains from North Palm Beach at the cost to North Palm Beach.” The agreement then specified the items that would determine such cost and provided that MacArthur could exercise his right to purchase at any time from June 30, 1960 (being the due date of the first note), to any time prior to the full payment of any sum due under the agreement. The option further provided that, if North Palm Beach should elect to prepay said loan, MacArthur would have six months’ written notice of such intention to make prepayment and that during said time MacArthur could exercise said option to purchase. Before the loan was paid in full MacArthur attempted to exercise the option.
The option was a part of the utility security agreement and was not supported by any independent consideration.
The able chancellor denied specific performance. The court found that the *683 utility agreement was essentially a mortgage transaction and that the option incorporated therein, if given effect, would operate to defeat the mortgagor’s right of redemption and was therefore invalid. Since we affirm at this point, it is unnecessary to specify the other findings determined by the chancellor.
The- applicable general rule is :
“A mortgagor cannot, by any agreement made contemporaneously with or as a part of the mortgage transaction, bind himself not to assert his right or equity of redemption, however formally expressed or artfully concealed the attempt to do so may be. If the conveyance is a mortgage, the right of redemption is an inseparable incident, which cannot be restrained or clogged by agreement.” 22 Fla.Jur., Mortgages, Sec. 113.
Equity highly favors the unrestrained right of redemption, and a mortgagor may not waive such right by an agreement made contemporaneously with or as a part of the mortgage transaction. 36 Am.Jur., Mortgages, Sec. 184; 4 Pomeroy, Equity Jurisprudence, Sec. 1193 (5th ed. 1941); Jones on Mortgages, Section 1326.
The common and statute laws of England, with certain exceptions, in effect July 4, 1776, is adopted as the law of Florida. Section 2.01, Florida Statutes, 1965, F.S.A. We look then to the earlier case law of England and find that in Willett v. Winnell, 1687, 1 Vern. 488, 23 Eng.Rep. 611, it was held that an option to the mortgagee whereby he would have the right to purchase the mortgagor’s equity of redemption was void. See also Samuel v. Jarrah Timber & Wood Paving Corp., Ltd., 1904, A.C. 323, 6 B.R.C. 386.
In Harrison v. Roberts, 1856, 6 Fla. 711, the Supreme Court of Florida held that a mortgagee may purchase the mortgage property when sold at sheriff’s sale under a judgment lien that had priority over the mortgage lien, and the court then observed (at page 714):
“A mortgagee may not contract with the mortgagor ‘at the time of the loan for an absolute purchase of the lands for a specified sum, in case of default made in payment of the mortgage money at the appointed time, justly considering it would throw open a wide door to oppression and enable the creditor to drive an inequitable and hard bargain with his debtor, who is rarely prepared to discharge his debt at the specified time.’ * * *»
In Stovall v. Stokes, 1927, 94 Fla. 717, 741, 115 So. 828, 837, the Supreme Court of Florida in discussing a mortgagor’s right of redemption further held:
“ ‘ * * * It can be defeated only by a subsequent agreement upon a further consideration. * * *
In Wilson v. Fisher, 1908, 148 N.C. 535, 62 S.E. 622, 624, the court considered the validity of an option to purchase that was written on the margin of the mortgage and held that such option was void, stating:
“This court, following an unbroken line of decisions in England and this country, has uniformly held that an agreement, made at the time of the execution of the mortgage, to surrender the equity of redemption for a fixed amount, is invalid.”
The appellant strongly urges that the option agreement was fairly agreed upon by the parties under circumstances of fair dealing with all parties represented by able counsel and that the chancellor should have construed and enforced the option rather than destroying it by judicial decree. The application of the law relating to the principle here involved does not ebb and flow dependent upon the existence of advice of counsel and fair dealing or the lack thereof. The law protects with even-handed application the informed and uninformed alike.
The final decree is affirmed.
SMITH, C. J., and ANDREWS, J., concur.