WADE S. LAMBERTH AND WIFE, LOUISE F. LAMBERTH, PLAINTIFFS V. ROLAND ALTON McDANIEL AND WIFE, RITA S. McDANIEL, DEFENDANTS

No. COA98-35

(Filed 3 November 1998)

**Mortgages— installment land sales—right of redemption— applicable**

The trial court did not err by determining that defendants were entitled to redeem real property by the payment of the balance due plus interest and taxes where plaintiffs had sold the land to defendants, financing the transaction with an installment sales contract, defendants did not pay ad valorem taxes as agreed, and plaintiffs paid the taxes and filed this complaint. The right of redemption applies to installment land sales contracts.

Appeal by plaintiffs from judgment entered 20 October 1997 by Judge Jimmy L. Myers in Iredell County District Court. Heard in the Court of Appeals 23 September 1998.

*Pope, McMillan, Kutteh, Simon & Baker, P.A., by Anthony J. Baker, for plaintiff-appellants.*

*Homesley, Jones, Gains, Homesley & Dudley, P.A., by T.C. Homesley, Jr., and L. Ragan Dudley, for defendant-appellees.*

MARTIN, John, C., Judge.

Plaintiffs sold land to defendants, financing the transaction with an installment sales contract. The installment sales contract, executed on 14 June 1990, provided that plaintiffs would hold the deed until defendants paid purchase price plus interest. Defendants were also required to pay ad valorem taxes until purchase price was paid. The forfeiture provision of the contract states in relevant part:

5. It is agreed and understood that if the Buyers shall be in default in the payment of any monthly installment as hereinabove set out for a period of more than thirty (30) days, or if the Buyers default in the performance of any other term and condition of this contract and said default continues for more than thirty (30) days, *then the Sellers may, at their option, declare the contract forfeited, and all sums paid by the Buyers hereunder shall be considered as rent for the property.* If the Buyers rights under this contract shall be forfeited, then the Sellers shall be at liberty

to make such disposition of the property as they may see fit, free and clear of any rights of the Buyers hereunder, and the Buyers further agree that after forfeiture they will give peaceful possession to the premises (emphasis added).

In November of 1995, defendant-buyers notified plaintiff-sellers that, due to financial difficulties, they would delay payments. Defendants promised to catch up payments as soon as possible, and plaintiffs consented to late payments. The November payment was made in January of 1996, and again plaintiffs consented to late payments in the future. Ad valorem taxes were not payed from 1993 to 1996, and plaintiffs paid taxes on behalf of defendants to avoid a tax lien.

In March of 1996, plaintiffs filed their complaint in this action in which they alleged defendants' failure to make the payments was a forfeiture of the installment sales contract, and they sought to recover possession, past due monthly payments, and ad valorem taxes. Defendants answered and asserted a counterclaim in which they alleged they had tendered the entire balance due upon being served with plaintiffs' complaint, and they sought judgment requiring plaintiffs to convey the property upon defendants' payment of the full balance due plus ad valorem taxes and costs.

Both parties moved for summary judgment. The trial court determined that defendants were entitled to exercise the equity of redemption and entered judgment ordering plaintiffs to convey the property to defendants upon receipt of the balance of the purchase price, interest, and ad valorem taxes. Plaintiffs appeal.

Plaintiffs' sole argument is that the provisions of the installment sales contract allowing past payments to be treated as rent upon default is enforceable, and not subject to the equity of redemption. We disagree and affirm the trial court's summary judgment in favor of defendants.

Summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.R. Civ. P. 56(c); *Toole v. State Farm Auto. Ins. Co.*, 127 N.C. App. 291, 488 S.E.2d 833 (1997). All of the evidence is viewed in the light most favorable to the non-moving party. *Garner v. Rentenbach Constructors, Inc.*, 129 N.C. App. 624, 501 S.E.2d 83 (1998). "Where there is no genuine issue as to the facts, the presence

of important or difficult questions of law is no barrier to the granting of summary judgment." *Kessing v. National Mortgage Corp.*, 278 N.C. 523, 534, 180 S.E.2d 823, 830 (1971). In this case, the parties agree there are no material facts in dispute.

"It has been held repeatedly that 'the relation between vendor and vendee in an executory agreement for the sale and purchase of land is substantially that subsisting between mortgagee and mortgagor, and governed by the same general rules.'" *Brannock v. Fletcher*, 271 N.C. 65, 70-71, 155 S.E.2d 532, 539 (1967) (citations omitted); *see also, Boyd v. Watts*, 316 N.C. 622, 342 S.E.2d 840 (1986); *In re Foreclosure of a Deed of Trust and Taylor*, 60 N.C. App. 134, 298 S.E.2d 163 (1982). "As between the parties, the vendor may be considered a mortgagee and the vendee a mortgagor." *Brannon*, at 71, 155 S.E.2d at 539 (citations omitted). Upon default, the vendor-mortgagees may choose a variety of remedies, including forfeiture if the contract allows. *Boyd v. Watts*, 316 N.C. 622, 628, 342 S.E.2d 840, 843 (1986) ("The vendor, *inter alia*, may bring an action to quiet title, accept the noncompliance as a forfeiture of the contract, or bring an action to declare it at an end.").

However, upon default, vendee-mortgagors have the right to redeem their interest under the contract to prevent forfeiture. *Anderson v. Moore*, 233 N.C. 299, 302, 63 S.E.2d 641, 644 (1951) ("If the mortgagee in possession has received sufficient rents and profits to liquidate the indebtedness secured by his mortgage, the mortgagor is entitled to have an entry of satisfaction entered on the judgment of foreclosure, the mortgage or deed of trust cancelled, and the premises surrendered to him free and clear of the indebtedness secured thereby."); *see c.f., Tech Land Development, Inc. v. South Carolina Ins. Co.*, 57 N.C. App. 566, 291 S.E.2d 821 (1982). The right to redeem cannot be waived by contract at the time of the agreement.

> If the transaction be a mortgage in substance, the most solemn engagement to the contrary, made at the time, cannot deprive the debtor of his right to redeem . . . . Nor can a mortgagor, by any agreement at the time of the execution of the mortgage that the right to redeem shall be lost if the money be not paid by a certain day, debar himself of such a right (citation omitted).

*Wilson v. Fisher*, 148 N.C. 535, 539, 62 S.E. 622, 624 (1908); Webster, *Real Estate Law in North Carolina* § 13-5 (1994). In *Brannock*, the Court indicated that the right to redeem under the law of mortgages

would also apply to installment land contracts, even if vendees have surrendered the property and are behind in mortgage payments:

> Having surrendered possession, they were still entitled—even if they were in arrears—to tender to defendants the unpaid balance of the purchase price within a reasonable time and to have specific performance of their contract to convey. . . . But until a vendee has made full payment he is not in condition to demand conveyance of the land.

*Brannock*, at 73, 155 S.E.2d at 540-41.

Plaintiffs argue that *Boyd v. Watts*, 316 N.C. 622, 342 S.E.2d 840 (1986), eliminated a vendee's right of redemption in an installment sale contract for the sale of land when the *Boyd* Court affirmed the vendor's election of the contractual forfeiture remedy. We disagree. No attempt to exercise the right of redemption was considered in *Boyd*; the Court discussed the narrow issue of forfeiture under land sales contracts, and explicitly reserved other issues regarding the application of mortgage law to installment land sales contracts. *Id.* at 627-28, 342 S.E.2d at 844. Indeed, the Court in *Boyd* affirmed the general approach taken in *Brannock*, applying equitable principles of mortgage law to installment land sales contracts. *Id.* at 627-28, 342 S.E.2d at 843. Further application of these principles requires us to recognize the right of redemption in installment land sales contracts.

In the present case, defendants sought, after default, to exercise their right of redemption by tendering the entire balance due, plus interest. We affirm the trial court's determination that "defendants are entitled to redeem the property by the payment to the plaintiffs of the balance due of the purchase price, plus interest and ad valorem taxes."

Affirmed.

Judges TIMMONS-GOODSON and HORTON concur.