FERGUSON v. COFFEY

[180 N.C. App. 322 (2006)]

PHIL JACKSON FERGUSON AND WIFE, MARTHA J. FERGUSON, Plaintiffs v. LYLE W. COFFEY and wife, ELEANOR COFFEY and JOHN D. KINSLAND, Defendants

No. COA06-200

(Filed 21 November 2006)

**Interest— simple or compound—installment sale of property—contract silent**

The trial court did not err by calculating the balance and interest due on the installment sale of property by using simple rather than compound interest where the contract did not have an express provision for compound interest.

Appeal by defendants from judgment entered 18 August 2005 by Judge Danny E. Davis in Haywood County District Court. Heard in the Court of Appeals 30 October 2006.

*McLean Law Firm, P.A., by Russell L. McLean, III, for plaintiffs-appellees.*

*Gina L. Norwood, for defendants-appellants.*

TYSON, Judge.

Lyle W. and Eleanor Coffey and John D. Kinsland ("defendants") appeal from judgment entered computing the amount Phil Jackson and Martha J. Ferguson ("plaintiffs") owe to them on an installment land sale contract or contract for deed. We affirm.

## I. Background

On 8 November 1971, plaintiffs entered into an installment sales contract with defendants to purchase real property located in Haywood County, North Carolina ("the property"). Plaintiffs agreed to pay defendants $12,100.00 plus interest at seven percent. Plaintiffs agreed to pay $78.50 per month beginning 1 December 1971. Plaintiffs also agreed to maintain fire insurance and pay the *ad valorum* property taxes. Defendants agreed to place the deed in escrow with Northwestern Bank and upon plaintiffs' completion of payments defendants agreed to release the deed.

Plaintiffs made payments for a period of time and in 1995 demanded the deed to be released by defendants. Defendants contended plaintiffs had ceased payments in 1987 and even if plaintiffs had continued to make payments on the loan, the principal was amor-

tized over a thirty-two year period which had not yet expired. Defendants refused to release the deed. Plaintiffs commenced suit on 29 August 2000 and demanded delivery of the deed and damages.

At trial, all causes of action were dismissed except for plaintiffs' equity of redemption. The only issue submitted to the jury was the date of plaintiffs' last loan payment. The jury determined plaintiffs' last payment occurred in October 1987. The trial court entered judgment that plaintiffs were entitled to redeem their equity in the property by paying the outstanding balance and all taxes on the property. Upon receipt of this payment, defendants were ordered to convey title of the property to plaintiffs.

Plaintiffs paid $16,634.12 into the Haywood County Clerk of Superior Court's Office. Defendants disputed the accuracy of this amount and moved for a judicial determination of the amount plaintiffs owed. Plaintiffs and defendants each had their respective accountants to prepare and submit affidavits along with their payoff calculations.

Plaintiffs' certified public accountant, Michael Kennedy ("Kennedy"), based his calculations on simple interest and concluded "the total principal due would be $8,544.82 and the total interest due would be $5,852.73." Thomas J. Sheehan ("Sheehan"), defendants' accountant, prepared an amortization schedule based upon compounded interest and calculated the principal and accrued interest balance as of 1 October 1987 to be $9,488.70 and the balance due to be $32,853.93 as of 1 July 1995.

The trial court accepted Kennedy's calculations based upon simple interest. The trial court made findings of fact and conclusions of law and entered judgment that "[p]laintiff pay the sum of $8,544.82 with interest of $6,670.87 as of August 15, 2005 and a daily rate of $1.62 per day until satisfied in full." Defendants appeal.

## II. Issue

Defendants contend the trial court erred in calculating the balance and interest due defendants by using simple interest instead of compound interest.

## III. Standard of Review

This Court has stated:

In an appeal from a judgment entered in a non-jury trial, our standard of review is whether competent evidence exists to sup-

port the trial court's findings of fact, and whether the findings support the conclusions of law. The trial judge acts as both judge and jury and considers and weighs all the *competent* evidence before him. The trial court's findings of fact are binding on appeal as long as competent evidence supports them, despite the existence of evidence to the contrary. When competent evidence supports the trial court's findings of fact and the findings of fact support its conclusions of law, the judgment should be affirmed in the absence of an error of law.

*Resort Realty of the Outer Banks, Inc. v. Brandt*, 163 N.C. App. 114, 116, 593 S.E.2d 404, 407-08 (internal citations and quotations omitted) (emphasis in original), *disc. rev. denied*, 358 N.C. 236, 595 S.E.2d 154 (2004).

We review the trial court's conclusions of law *de novo*. *Starco, Inc. v. AMG Bonding and Ins. Services*, 124 N.C. App. 332, 336, 477 S.E.2d 211, 215 (1996).

## IV. Balance and Interest Due

Defendants argue the trial court erroneously used simple interest to calculate the unpaid balance and determine plaintiffs' payoff amount. Defendants contend they are entitled to compound interest. Simple interest is defined as "Interest paid on the principal only and not on accumulated interest." *Black's Law Dictionary* 830 (8th ed. 2004). Compound interest is defined as "Interest paid on both the principal and the previously accumulated interest." *Id.*

Plaintiffs' and defendants' respective accountants prepared and submitted affidavits and amortization schedules to the trial court in support of their payoff calculations. The trial court: (1) accepted plaintiffs' accountant's calculations; (2) found that "[s]imple interest is the sum calculated on the unpaid balance;" (3) calculated plaintiffs payoff amount using simple interest; and (4) ordered that "[p]laintiff pay the sum of $8,544.82 with interest of $6,670.87 as of August 15, 2005 and a daily rate of $1.62 per day until satisfied in full."

## A. Redemption of Equity

"The right to redeem under the law of mortgages ... also [applies] to installment land contracts, even if [the buyers] have surrendered the property and are behind in mortgage payments." *Lamberth v. McDaniel*, 131 N.C. App. 319, 321, 506 S.E.2d 295, 297 (1998) (citing *Brannock v. Fletcher*, 271 N.C. 65, 73, 155 S.E.2d 532, 540-41 (1967)),

*cert. denied*, 356 N.C. 614, 574 S.E.2d 681 (2002). The buyer of property through an installment sales contract is entitled to redeem the property by paying to the seller the total amount due under the contract plus accrued interest. *See id.* at 322, 506 S.E.2d at 297 ("[Buyers] are entitled to redeem the property by the payment to the [sellers] of the balance due of the purchase price, plus interest and ad valorem taxes."); *see also* James A. Webster, Jr., *Webster's Real Estate Law in North Carolina* § 13-5, at 543 (Patrick K. Hetrick & James B. McLaughlin, Jr. eds., 5th ed. 1999) ("Since a mortgage is intended only for security for an indebtedness, if the total indebtedness is paid at any time before foreclosure is complete, plus interest and costs, although not within the time limited, the object of the transaction will be attained and the creditor-mortgagee will have no complaint.").

Here, the installment sales contract provides plaintiffs will: (1) "pay in full the payments as set forth in the attached bank payment book for ($12,100.00 & 7% interest payable at $78.50 monthly beginning December 1, 1971.);" (2) "keep fire insurance on the house in force for enough to cover the indebtedness on the house;" and (3) "keep . . . county taxes on this house paid each year beginning with the 1972 taxes due and payable Dec. 1972." The "attached bank payment book" referred to in the contract is not included in the record on appeal.

## B.  Simple or Compound Interest

The installment sales contract contains no express provision for plaintiffs to pay compounded interest. " 'If [a] contract is clearly expressed, it must be enforced as it is written, and the court may not disregard the plainly expressed meaning of its language.' " *McClure Lumber Co. v. Helmsman Constr., Inc.*, 160 N.C. App. 190, 197, 585 S.E.2d 234, 238 (2003) (quoting *Catawba Athletics v. Newton Car Wash*, 53 N.C. App. 708, 712, 281 S.E.2d 676, 679 (1981)). If defendants and plaintiffs had bargained for compound interest to accrue on the balance due, interest upon unpaid interest would be added to the principal balance owed under the note. The land sales contract is silent on whether defendants may demand compounded interest from plaintiffs. In the absence of an agreement to the contrary, "[e]quity dictates that a party should not be forced to pay interest on interest." *NCNB v. Robinson,* 80 N.C. App. 154, 157, 341 S.E.2d 364, 366 (1986).

Current statutes governing interest expressly state whether a creditor or seller may require compounded interest. *Compare* N.C. Gen. Stat. § 24-14 (2005) (For loans secured by secondary or junior

mortgages, "interest may not be compounded."), *with* N.C. Gen. Stat. § 24-1.1A (2005) (Parties to a home loan $10,000.00 or more "may contract for the payment of interest as agreed upon by the parties.")

North Carolina appellate courts have not addressed the question of whether compound or simple interest should be used to calculate the payoff amount for a buyer exercising their right of redemption in the absence of any provision in the agreement. The Supreme Court of Alabama specifically addressed this issue in *Bockman v. WCH, L.L.C.*, —— Ala. ——, ——, 943 So. 2d 789, 795 (Ala. 2006). In *Bockman*, the express terms of the note provided the debtor promised to pay compounded interest. *Id.* Bockman argued simple interest should be applied to the outstanding balance. *Id.* The Alabama Supreme Court disagreed and stated compound interest could be applied to the debt owed on the note because the mortgagor and the mortgagee expressly agreed to allow interest to be compounded. *Id.*

Plaintiffs' accountants' affidavit supported the trial court's finding of fact that, "simple interest is the sum calculated on the unpaid balance." This finding of fact supported the trial court's conclusion of law computing plaintiffs' payoff amount due. "When competent evidence supports the trial court's findings of fact and the findings of fact support its conclusions of law, the judgment should be affirmed in the absence of an error of law." *Resort Realty of the Outer Banks, Inc.*, 163 N.C. App. at 116, 593 S.E.2d at 408. We find no error of law in the trial court's judgment.

## V. Conclusion

The parties' contract did not require plaintiffs to pay compounded interest. The trial court's findings of fact are supported by competent evidence. The trial court's findings of fact supported its conclusions of law. The trial court's judgment is affirmed.

Affirmed.

Chief Judge MARTIN and Judge CALABRIA concur.